IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC ZACHARY ANDERSON,

    Plaintiff,                  No. 2:11-cv-2744 GGH P

   vs.

MIKE McDONALD, Warden,

    Defendant.              ORDER

_____/

On April 16, 2012, defendant Mike McDonald filed a motion to dismiss this action for, among other things, failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b). Plaintiff was previously informed of the requirements for opposing a motion to dismiss, see Doc. No. 10, and has in fact filed opposition to the motion. See Doc. No. 16. However, in light of the recent decision of the Court of Appeals for the Ninth Circuit in Woods v. Carey, – F.3d –, 2012 WL 2626912 (9th Cir. July 6, 2012), the court will again inform plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b), as articulated in Wyatt v. Terhune, 31 F.3d 1108 (9th Cir. 2003).

1    A motion made pursuant to Federal Rule of Civil Procedure 12(b) for failure to
2 exhaust administrative remedies is a request that the court dismiss without prejudice any
3 unexhausted claims.  The moving party may submit affidavits or declarations under penalty of
4 perjury and admissible documents to support the motion to dismiss.  To oppose the motion,
5 plaintiff may likewise file declarations under penalty of perjury and admissible documents.
6 Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the
7 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff
8 specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on one or
9 more affidavits or declarations sworn to by other persons who have personal knowledge of
10 relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that
11 the records are what plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence
12 with admissible evidence, the court may rely on defendant's evidence.  In the event both sides
13 submit matters outside of the pleadings, the court may look beyond the pleadings and decide
14 disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may
15 consider the failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court
16 grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will
17 be dismissed without prejudice.  Unsigned affidavits or declarations will be stricken, and
18 affidavits or declarations not signed under penalty of perjury have no evidentiary value.
19    In light of this notice, plaintiff may wish to supplement his previously-filed
20 opposition, though he is not required to do so.  Plaintiff will be provided with 21 days within
21 which to file any additional submissions, if he chooses to do so.  No extensions will be provided.
22    Accordingly, IT IS HEREBY ORDERED that:
23    1. The clerk shall provide plaintiff with a copy of his previously-filed opposition
24 (Doc. No. 16); and
25 /////
26 /////

2. Plaintiff shall have 21 days from the filing date of this order to supplement his opposition, if he chooses to do so. No extensions shall be provided.

DATED: July 11, 2012

       /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

ggh:rb
ande2744.wyatt